FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

99 OCT 29 AM 10: 21

U.S. DISTRICT COURT
N.D. OF ALABAMA

KATHRYN SHERIDAN,            )
                             )
         Plaintiff,          )
                             )
vs.                          )    CIVIL ACTION NUMBER
                             )
APPOLLO CARS, INC., d/b/a    )         99-C-0573-S
DRIVER'S WAY,                )
                             )
         Defendant.          )

ENTERED

OCT 29 1999

**MEMORANDUM OPINION**

Plaintiff filed a complaint on March 10, 1999, alleging that Defendant subjected her to a hostile work environment premised on her sex, and constructively discharged her in violation of Title VII. Pursuant to the usual practices of this Court, the case was assigned to a magistrate judge. 28 U.S.C. § 636. Defendant filed a Motion to Compel Arbitration and to Stay the Present Proceedings pursuant to the Federal Arbitration Act, 5 U.S.C. § 1, *et seq.* (Doc. 5). In opposition to the motion, Plaintiff filed a response that included an affidavit of Plaintiff. (Doc. 7 & 9). She makes two claims. First, the contract, which included the arbitration provisions, was unconscionable. Second, she should not be compelled to arbitrate her Title VII claims premised on *Duffield v. Robertson Stephens & Co.*, 144 F.3d 1182 (9th Cir. 1998) *cert. denied*, 119 S.Ct. 445, 142 L.Ed.2d 399 (1998) and

119 S.Ct. 465, 142 L.Ed.2d 418 (1998). Defendant filed a Motion to Strike the Affidavit. (Doc. 10). Defendant also filed a Motion to Stay Discovery and the Obligation under Fed.R.Civ.P. 26(f) and Local Rule 26.1(d). (Doc. 12).

On July 19, 1999, the magistrate judge entered a report and recommendation, finding that the Motion to Compel Arbitration and Stay the Present Proceeding was due to be granted and that the motion to strike was moot. The magistrate judge recommended that Plaintiff's claim that the entire contract was unconscionable was a matter for the arbitrator (*Prima Paint Corp. v. Flood & Conklin Mfg. Co.*, 388 U.S. 395, 87 S.Ct 1801, 18 L.Ed.2d 1270 (1967) and that the holding in *Duffield*, which is contrary to the majority of circuits that have addressed the issue, be rejected and Plaintiff be compelled to arbitrate her claims. (Doc. 16).

Plaintiff filed objections to the report and recommendation. She modified her earlier assertions to include a claim that the arbitration revisions, and not the entire contract, were unconscionable. She also objected to the recommendation "insofar as it disregards the Ninth Circuit's position in *Duffield*." (Doc. 18). Defendant filed a response to Plaintiff's objection. (Doc. 19). Because Plaintiff asserted that the arbitration clauses themselves were unconscionable, the magistrate judge further considered the matter and entered an extended report and recommendation addressing the additional claim. (Doc. 20). The magistrate judge

2

again recommended that the Motion to Compel and Stay the Proceedings be granted. (Id., p. 9). No further objections were filed.

The Court has considered the entire file in this action with the magistrate judge's report and recommendation, Plaintiff's objections thereto, and the extended report and recommendation of the magistrate judge.

The Court has reached the conclusion that the report is legally sound as far as it goes. But it does not go far enough.

The arbitration agreement provides, *inter alia*, that "[t]he party seeking relief shall be responsible for paying the initial filing fee under [J.A.M.S./Endispute Arbitration Rules and Procedures for Employment Disputes]. Other fees and expenses of the arbitration shall be borne as provided in said rules." Agreement for Employees, ¶ 6. The record does not reflect the amount of the filing fee and the apportionment, if any, of the "other fees and expenses of the arbitration." The Court assumes that they are no less than the $2000 filing fee for arbitration under the American Arbitration Association's Commercial Arbitration Rules.

On that assumption, the Court does not accept the recommendation of the magistrate judge. As a condition of resolving the dispute, Plaintiff "may be liable for at least half the hefty cost of an arbitration," and she may well be required to pay a hefty filing fee

3

to invoke the arbitration process. *Paladino v. Avnet Computer Technologies, Inc.*, 134 F.3d 1054, 1062 (11th Cir. 1998). According to the complaint, Plaintiff has been discharged, and the Court infers that she has limited finances. If this case is stayed pending arbitration, it will likely be stayed forever due to Plaintiff's inability to pay the arbitration filing fee.

Under these circumstances and based on *Paladino*, the arbitration agreement is unenforceable.

By separate order, the recommendation of the magistrate judge will be rejected.

DONE this 29th day of October, 1999.

_____
UNITED STATES DISTRICT JUDGE
U. W. CLEMON